## HENRY L. SOWLES

v.

## WILLIAM P. MOORE ET AL.

Grand Isle County, 1893.

Before : Ross, Ch. J., Taft and Rowell, JJ.

*Negligence. Remote and proximate cause. Unguarded hole in ice. Instincts of animal.*

1. It is not enough that a defendant has been negligent, unless that negligence has contributed to the injury of the plaintiff.

2. Where the plaintiff's horses were drowned by running, while unmanageable, into an open space in Lake Champlain from which ice had been removed by the defendant, the defendant is not liable upon the ground that he did not sufficiently guard the opening, if a proper guard would would not have prevented the accident.

3.  The question being how far the instincts of a runaway pair of
    horses would lead them to avoid a hole in the ice if suit-
    ably guarded, the court properly told the jury that they
    must consult their own judgment as practical men upon
    that subject.

Case for the negligence of the defendant.   Trial by jury
at the February term, 1892, Ross, Ch. J., presiding.   Ver-
dict and judgment for the defendant.   The plaintiff excepts.
The opinion states the case.

*Jed P. Ladd* for the plaintiff.

The jury found that the defendant was negligent and that
the plaintiff was not guilty of contributory negligence.  From
these two findings it necessarily follows that the defendant
was liable, and it was error to submit any further question
as to that liability to the jury.

*Wilson & Hall* for the defendant.

Unless due care upon the part of the defendant would have
prevented the injury he is not liable.   Shear & Redf. Neg.,
s. 8; *Bellefontaine etc. R. R. Co.* v. *Bailey*, 11 Ohio St. 333.

The opinion of the court was delivered by

TYLER, J.   This was an action of trespass on the case
brought to recover the value of a pair of horses, which were
drowned in Lake Champlain, through the alleged negligence
of the defendants in not properly guarding an opening in the
lake where they had been taking ice near a line of public
travel.

The plaintiff's evidence tended to show that his son had
occasion to drive onto the lake on the day of the accident;
that the wind was blowing and the ice was glare; that in
turning the team around the sled slewed and brought the
pole against the horses' legs, frightening them; that they

escaped from the driver and ran rapidly from forty to sixty rods and into the opening, which was twenty to thirty feet long by forty to sixty feet wide, and but little guarded.

The statute, R. L. s. 4,321, does not prescribe the manner in which such openings, shall be guarded. It imposes a fine upon persons who, in localities where people are accustomed to travel, make openings and do not place suitable guards around them.

The jury found by special verdicts that the opening was not properly guarded, and that the plaintiff's servant was in the exercise of due care in respect to the team and the management of it.

The errors assigned were in the court's submitting to the jury to find whether the horses would not. have run into the opening if it had been properly guarded, whether the guards would have stopped them, considering their fright and the speed with which they were running, and in the instructions that the plaintiff must make out that the horses were drowned by reason of the failure of the defendants to properly guard the opening; that if the guards would not have prevented the casualty the plaintiff could not recover, although he was in the exercise of due care and the defendants were negligent; that if the jury were satisfied by a fair balance of evidence that the horses would have been turned away by a suitable guard, then the defendants' negligence caused the damage.

These instructions did not contain a new proposition of law. It is a general rule that negligence must not only be alleged and proved, but it must also be shown that it caused the injury complained of. When injury on the part of the plaintiff and negligence on the part of the defendant concur, the plaintiff cannot, nevertheless, recover, if the defendant could not, by the exercise of due care, have prevented the accident from occuring. Red. & Shear. on Neg. s. 8. In cases that arose under our former statute rendering towns

liable for injuries caused by defective highways, it was not sufficient to prove the existence of defects. It must also have been shown that the defects caused the injuries alleged. *Lester* v. *Pittsford*, 7 Vt. 158.

Were the horses in such fright and running at such speed that they would have been turned from their course by such guards as reasonably prudent men would have erected? This was a material question of fact for the jury to decide before they could say whether or not the defendants' negligence in respect to a guard was the cause of the casualty. Both questions were involved in the instruction that the plaintiff must make out " that the horses were drowned by reason of the failure of the defendants to properly guard the hole."

Suppose damages were claimed of a town, caused by an alleged defective railing upon a bridge; could the question be excluded from the consideration of a jury, upon proper evidence, whether from the nature of the accident a suitable railing could have prevented it? We think not.

In *Titcomb* v. *Fitchburg R. R. Co.*, 12 Allen 254, the negligence alleged was the want of railings to the approaches to a highway bridge which the defendant was bound to maintain over its railroad at a crossing. Among other things the court instructed the jury that if they were satisfied that the injury to the plaintiff would not have occurred if the fence or railing had been sufficient, they must find a verdict for her. In considering this subject the supreme court said : " So far as such a fence would be effectual to guard against injury from the frightening of a horse about to enter upon the bridge, by the approach of a train of cars passing under the bridge, the plaintiff was entitled to that protection. Not that the defendant was bound to maintain a barrier that would in all cases stop the progress of a frightened horse about to enter upon the bridge, but it was bound to maintain and keep in repair a suitable and

proper fence at the place; and if the discharge of this duty would have prevented the occurrence of the present injury, and the plaintiff is shown to have been without fault on her part, the railroad company may properly be charged in the present action. 'The fact whether such a fence would have prevented the occurrence of the injury may be a difficult one for the jury to find, but the burden is on the plaintiff to show this, and if she can establish it the defendant may be held liable for the injuries sustained. The case of a horse being frightened is one of the cases of casualty which may and often does occur, and is entirely consistent with a reasonable degree of care and prudence on the part of the traveler. Such traveler has a right in case of such occurrence to the protection which such a fence as the law requires the railroad company to maintain would have given. If such a fence would have been unavailing, and the injury would still have occurred, the traveler cannot say his injury was occasioned by any neglect of the railroad company, and he must bear the loss; but if otherwise, the liability attaches to the party bound to maintain the fence as an appendage to the bridge."

In *Wilson* v. *Atlanta*, 60 Ga. 473, it was alleged that an injury was caused by the defendant's negligence in not providing a railing upon a street. An instruction was held proper, that the questions, whether or not there was negligence in not putting up the railing, and whether such negligence caused the injury to the plaintiff, might be tested by the inquiry whether the plaintiff would not have been injured even if the railing had been constructed.

In *Ilfrey* v. *Sabine, etc., R. R. Co.*, 76 Tex. 63, the plaintiff sought to charge the defendant with liability by reason of its maintaining an embankment, which, as alleged, caused the destruction of the plaintiff's house by water. It was held competent for the trial court to consider evidence tending to show that the house would have been swept

away by the storm, regardless of the embankment, to find that fact from a preponderance of the evidence, and that the embankment was not the proximate cause of the destruction.

In *Bellefontaine, etc., R. R. Co.* v. *Bailey*, 11 Ohio St. 333, it was alleged that the defendant negligently ran its train so as to kill the plaintiff's horses. It was held error for the court to refuse an instruction to the jury, that though the defendant was negligent, the plaintiff must fail in his action if the jury believed from the evidence that due care, had it been used, would not have prevented the injury.

A corresponding proposition was contained in Judge Steele's charge in *Walker and wife* v. *Westfield*, 39 Vt. 246, which was construed by this court to mean that though the plaintiffs were not in the exercise of due care, if " such want of care did not contribute to the accident, then it is of no consequence in the case, and will not prevent a recovery."

We find the instructions fully sustained both by reason and authority.

The request to charge in respect to " the known instincts of the horse" did not embody any legal proposition. All that the court could properly say on this subject was said in reply to an inquiry by the jury.

*Judgment affirmed.*