FRANCESCO MINNUCI v. THE PHILADELPHIA AND READING RAILROAD COMPANY.

Submitted July 5, 1902—Decided November 10, 1902.

1. In an action for personal injuries, allegations of negligence on the part of the defendant, contained in the declaration, but which are not connected by proper averments with the injuries complained of, cannot be considered in determining whether or not the declaration shows a cause of action.

2. An averment in a declaration, in such an action, that the plaintiff's injuries were caused solely by the negligence of the defendant, without more, does not fulfill the requirement of the rule of pleading that the certainty of statement of the plaintiff's case must be such that in a reasonable measure it apprises the defendant of the case to be made against him. Such lack of certainty, however, although affording sufficient ground for striking out the declaration, on motion, cannot be taken advantage of on general demurrer.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and GARRETSON.

For the plaintiff, *McEwan & McEwan.*

For the defendant, *James J. Bergen.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The plaintiff, in his declaration, alleges that while he was engaged, as an employe of the defendant company, in assisting to unload certain coal cars at the company's chutes, at Port Reading, he had his hand run over and crushed by one of its cars.

He then avers that the defendant company negligently failed to provide him with a safe place in which to work; that it negligently permitted the place where he was working to become unsafe and dangerous; that it negligently failed to provide and enforce a safe system for doing the work about which he was employed; that it failed to provide and enforce proper rules for maintaining and operating its railroad, and for maintaining and operating its cars, during the transferring of coal therefrom to the chutes; that it failed to provide and enforce a proper method of signaling for the purpose of warning persons at work about the chutes; that it negligently failed to employ a sufficient number of workmen to perform the work required to be done with sufficient safety; and that it negligently failed to employ competent and careful persons for the work of unloading cars at its chutes, but, on the contrary, employed incompetent, unfit, careless, drunken and incapable persons to do this work, and, especially, employed a careless, drunken and incompetent foreman to superintend it.

He then avers that the injury to his hand "was caused solely by the negligence of the defendant," and without any negligence on his part.

Then follows a description of the suffering caused by the injury, its effect upon his earning power, and the pecuniary loss which it has entailed upon him.

From the foregoing recital it will be seen that, although

the plaintiff avers that the injury which he received was caused solely by the negligence of the defendant, and also sets out in his declaration numerous specific acts of negligence by it, he fails to state that any one (or more) of those specific acts was the negligence which produced the injury. For aught that appears in the pleading, they may have played no part whatever in bringing about the accident. Indeed, in passing upon the sufficiency of the declaration, we must assume that they did not, for it is a familiar rule of pleading that everything shall be taken most strongly against the pleader, and that a vital fact, not set out, is not to be added, by the court, by conjecture.

Eliminating these specific acts of negligence, all that is left of the declaration is that the plaintiff was an employe of the defendant; that the injury from which he suffers was received by him while engaged in the work of his master, and that it was caused solely by the negligence of the latter. So vague an allegation affords little information to the defendant of the case to be set up against it. As was said by this court, in *Central Railroad Co.* ads. *Van Horn,* 9 *Vroom* 139, "the field covered by it is immense, for it embraces everything involved in the construction of the road, and its equipment, or in anywise connected with its method of running. A railroad company must, of necessity, transact its business by means of innumerable agents, and hence to allege that, by some act done or omitted by some one of such agents, an accident has occurred, is to convey very little practical intelligence. * * * The certainty in the statement of the plaintiff's case must be such that it is intelligible, and that, in a reasonable measure, it apprises the defendant of the substantial case to be made against him."

This lack of certainty, however, although affording a sufficient ground for striking out the declaration, on motion, cannot be taken advantage of on general demurrer. *Central Railroad Co.* v. *Van Horn, supra.*

The demurrer is overruled, with costs, but without prejudice to the right of the defendant to move to strike out the declaration.