GERTRUDE L. EDWARDS *vs.* LAVINA E. BRAYTON.

PROVIDENCE—FEBRUARY 5, 1904.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Negligence. Proximate Cause. Notice.*

Declaration alleged that defendant maintained around her land, bordering upon a highway, a close board fence, and in the fence a gate of the same appearance as the rest of the fence, so as not to be apparent to one passing along the sidewalk; that the gate was so constructed as to open outwards into the street, so that it was a source of danger when thrown open over and upon said sidewalk; and alleged that it was the duty of defendant to give due warning to travelers using the sidewalk, and to provide some means of notice of the existence of the gate and of the opening thereof. The declaration further alleged that plaintiff, passing along the sidewalk, was severely injured by being struck by the gate, which was suddenly opened against her, and that the injuries were caused by the negligence of defendant in failing to give the notice aforesaid. On demurrer:—

*Held,* that the violent opening of the gate, and not the neglect to notify of the capacity to be opened, was the proximate cause of the injury.

*Held,* further, that, as the construction of the gate was not such as to render it inevitably dangerous in itself, no duty devolved upon defendant to give notice of the capacity of the gate to be opened until it was intended to use such 'capacity, and then the duty was to give notice of the intended movement.

*Held,* further, that the declaration stated no case.

TRESPASS ON THE CASE for negligence. Heard on demurrer to declaration, and demurrer sustained.

(1)    DOUGLAS, J. The first count in the plaintiff's declaration alleges that the defendant had constructed and maintained

around her land, bordering upon a public street, a close board fence about eight feet high, and in this fence a gate of the same appearance as the rest of the fence, so as not to be apparent to one passing along the sidewalk; that this gate was so constructed as to open outwards into the street, "so that said gate became and was a source of danger when thrown open over and upon said sidewalk;" that it was the duty of the defendant "to give due warning and notice to travelers using said sidewalk in front of said gate, and to provide and maintain some means of notice or warning of the existence of said gate and of the opening thereof over, upon, and into said sidewalk to travelers when lawfully using said sidewalk and passing along the portion thereof in front of said gate," etc.

The count further alleges that the plaintiff, passing along the sidewalk with due care, was struck and severely injured by the gate, which was suddenly opened against her; and, further, that the injuries received were caused by the negligence of the defendant in failing to give the notice aforesaid.

The second count details substantially the same facts, but assigns the neglect of the person who opened the gate to give warning of the opening as the cause of the injury.

The defendant demurs to the first count, and specifies her causes of demurrer as follows:

1st. That the negligence alleged is not the proximate cause of the accident.

2nd. That no negligence on the part of the defendant is alleged.

3rd. That the count sets out no cause of action.

We think these grounds are all well taken, and the demurrer must be sustained.

It is very evident that the construction of the gate was not the cause of the accident. The gate, so hung as to be capable of swinging outward, could do no harm until that capacity was turned into action by some intervening agency. If the gate were so constructed that it would open automatically, or so that it was likely to be blown open, these peculiarities of construction might be assigned as causes of any injury which

should be inflicted by such opening; but no such condition of affairs is alleged.

The gate, constructed as alleged, might remain forever closed; and if it had remained so, the accident could not have occurred. Neither is it alleged that the gate was so constructed that it would inevitably become dangerous if carefully opened, and it is difficult to see how an ordinary gate of the height here stated could have been so constructed. If such a gate as is described were opened slowly and carefully, the visible motion would furnish sufficient notice to passers-by; and if opened violently, as alleged, the violent opening, not the neglect to notify of the capacity to be opened, would be the proximate cause of any injury which might ensue. The case on this point is governed by *Mahogany* v. *Ward*, 16 R. I. 479. See also *McGough* v. *Bates*, 21 R. I. 213; *Afflick* v. *Bates*, 21 R. I. 281.

It follows that, if the gate could do no harm until opened, there was no duty devolved upon the defendant to notify any one of the capacity of the gate to be opened until it was intended to use such capacity; or, in plain words, the duty to give warning did not arise until the gate was going to be opened, and then the duty was to give notice of the intended movement. Performance of the supposed duty would have been useless and unnecessary. Notice that the gate could be opened outward would not be warning to avoid approaching the gate at any particular time.

And so, as the notice alleged to be required would have been futile, the law imposed no duty to give it.

The erection of buildings and fences along a public street with gates opening so as to swing over the street has been held to be a reasonable use of the highway. *O'Linda* v. *Lothrop*, 21 Pick'g. 292, 297.

Demurrer sustained, and case remanded to the Common Pleas Division for further proceedings.

*John W. Hogan* and *Philip S. Knauer*, for plaintiff.
*Comstock & Gardner*, for defendant.