THE KEY WEST ELECTRIC COMPANY, *Plaintiff in Error,* v. ESTELLA ALBURY, A MINOR, BY HER NEXT FRIEND, MIGUEL MUNOZ, *Defendant in Error.*

Division A.

Opinion Filed April 29, 1926.

696

*Knight, Thompson & Turner,* for Plaintiff in Error;

*H. H. Taylor* and *Arthur Gomez,* for Defendant in Error.

ELLIS, J.—Estella Albury, a girl about eleven and one half years of age, walked across Simontin Street in the City of Key West; as she arrived at the west side of the Street, about seventeen feet from the northwest corner of the intersection of Simonton and Catherine Streets, she tripped and fell upon some iron rails which the plaintiff in error had placed alongside the gutter on the west side of Simonton Street. The plaintiff in error was at the time operating a street railway and was engaged in replacing the street car tracks on Simonton Street. It had placed four of the new rails alongside the curb line on the westerly side of Simonton Street. The rails were in front of a dry goods store; the rail ends nearest Catherine Street were about seventeen feet from that street. The girl crossed the street at about nine o'clock at night.

She brought an action against the company and recovered six thousand dollars damages. The injury she sustained from the fall was a broken leg. She received surgical at-

tention, the broken leg was set, the bone knitted well, her recovery was almost complete within a reasonable time, leaving here with a slight, almost imperceptible, limp as she walks due to a slight shortening of the broken leg.

A motion for a new trial was overruled and the defendant company seeks a reversal of the judgment on writ of error.

The declaration contained five counts. They are identical as to the theory upon which the action rests; which is that the defendant company should have placed ''lights, signals or other warnings'' upon or near the rails ''or barricades thereabout'' and that it negligently failed to do, by reason of which the plaintiff tripped and fell sustaining the injury as alleged.

The defendant company interposed several pleas: First, not guilty; Second, that the alleged negligence of the defendant was not the proximate cause of the injury; Third, that the plaintiff could have avoided the accident by the exercise of reasonable care; Fourth, that the rail ends nearest Catherine Street were about twenty feet from that street, that there was sufficient light from nearby places to enable one in the exercise of due caution in crossing the street at that point to see the rails and avoid the danger and that the plaintiff crossed the street at a place other than the street crossing for pedestrians and in doing so assumed the risk incident thereto; Fifth, that the plaintiff failed to exercise due care in crossing the street under the circumstances.

The plaintiff demurred to all the pleas except the first which demurrer was sustained. The defendant then filed additional pleas as follows: First, contributory negligence on plaintiff's part; Second, that she could have seen the rails in the exercise of due caution but that she voluntarily stepped upon them which act resulted in her injury; Third,

that she knew the rails were lying in the street or could have known it by the exercise of reasonable care but she failed to do so, which act of carelessness on her part caused the injury of which she complained.

Demurrer to the first additional pleas was sustained and the plaintiff joined issue upon the first pleas and the second and third additional pleas and the parties went to trial with the result stated.

The declaration does not clearly allege any causative connection between the alleged negligent omission of the defendant to place lights or barricades upon or about the rails and the injury alleged to have been sustained by the plaintiff. See Birmingham, E. & B. R. Co. v. Stagg, 196 Ala. 612, 72 South. Rep. 164; Bergen v. Tulare County Power Co., 173 Cal. 709, 161 Pac. Rep. 269; Hartnett v. Boston Store, 185. Ill. App. 332; Minnuci v. Philadelphia & R. R. Co., 68 N. J. L. 432, 53 Atl. Rep. 229; Edwards v. Brayton, 25 R. I. 597, 57 Atl. Rep. 784; Schultz v. Moon, 33 Mo. App. 329; Tampa & J. R. Co. v. Crawford, 67 Fla. 77, 64 South. Rep. 437.

The causation connection is probably argumentatively alleged by the phrase "because of the negligence of said defendant in the failure to place any lights or other signals thereon or barricades thereabout she then and there tripped and fell on and over said rails," sustaining the injury alleged. From this language the inference may be drawn that the plaintiff was ignorant of the obstruction over which she tripped and fell and was unable to see it because there were no lights or barricades upon or about it.

The defendant's third, fourth and fifth pleas, to which demurrers were sustained, tendered the defense of contributory negligence and assumption of risk. Because, if the plaintiff knew of the obstructon in the street or could have become aware of it by the exercise of reasonable caution,

under the circumstances averred, she was as fully warned of the danger existing at the point at which she attempted to cross as if light had been placed upon the obstruction. Nor would there have been any causative connection between the negligent omission of the defendant to place lights upon the obstruction and the injury to the plaintiff which, under the circumstances averred in the plea, resulted from her own carelessness and want of care.

There was no allegation in the declaration that the plaintiff was of such tender years and inexperience that she was unable to apprehend the danger of attempting to cross over iron rails lying upon the ground. Nor was there any allegation in the declaration that the placing of the rails upon the street without lights or barricades to warn pedestrians of the existence of the obstruction was a violation of a city ordinance, assuming that a city ordinance may create a civil duty enforceable at law. See 29 Cyc. 436.

The principle is that it must appear from the plaintiff's case that the alleged injury would have been avoided if the defendant had taken the precaution to place lights or barricades upon or about the obstruction. See Sowles v. Moore, 65 Vt. 322, 26 Atl. Rep. 629, 21 L. R. A. 723; Shearman & Redfield on Negligence; Sec. 25 (6th Ed.)

If the placing of lights upon or barricades about the rails would have been unavailing and the injury would still have occurred the plaintiff could not say that her injury was occasioned by any neglect of the company. Now the lights or barricades could have served only to warn the public of the presence of the obstruction. If the plaintiff knew or could have known by the exercise of ordinary caution of the existence of the obstruction the absence of lights upon the rails cannot be said to have produced the injury.

The demurrer to the pleas should, therefore, not have been sustained.

The defendant's additional pleas, however, set up the

same defense tendered by the original pleas. In them it was averred that the plaintiff knew or could have known by the exercise of reasonable care that the rails were in the street and crossing at a point not "at a street crossing" "voluntarily stepped upon the rails" or "without taking reasonable care and caution for her own safety was injured by coming into contact with said rails."

Under the issue joined upon these pleas and the plea of not guilty the defendant got the benefit of all the evidence by which the defense of contributory negligence may have been sustained or which may have showed a lack of connection between the alleged neglect of the defendant and the injury.

In this state of cases we would hesitate to disturb the verdict upon the ground that no substantial injury resulted from the errors if the charge of the court had definitely given the defendant the benefit of the rule that the plaintiff must show by her case in the evidence as well as the pleadings that the defendant was guilty of a negligent omission of duty which produced or caused the injury to the plaintiff. This however was not done.

In the first place, he instructed the jury that if the plaintiff proved her case, under any one of the counts of the declaration, by a preponderance of the evidence, applying the law as given by the court, they should find for her. Under such a charge it was only necessary for the plaintiff to show that lights were not placed upon the obstruction and that the plaintiff was injured by tripping and falling over it. He instructed the jury that if the obstruction could have been readily seen by a person in the exercise of reasonable or ordinary care then the plaintiff would be required to exercise such care. That the plaintiff in order to maintain her case had to prove the "negligence of the defendant in causing the injury as laid in the declaration." That the burden of showing the plaintiff's contributory

negligence rested upon the defendant. At defendant's request he instructed the jury that the plaintiff could not recover unless the evidence showed that the defendant's "negligence was the proximate cause of the injury." That if the plaintiff's negligence contributed in any appreciable degree to the injury she could not recover or that if her "own act proximately contributed to her injury there could be no recovery even though the defendant was guilty of negligence." He also instructed the jury that if the "plaintiff knew or could have known by the exercise of reasonable care on her part that the rails were between the intersection of the streets set forth in the declaration and that she voluntarily stepped upon the said rail and was injured" she could not recover.

These instructions did not place clearly before the jury the rules of law which should have controlled their judgment in fixing the liability of the defendant. They were confusing because contradictory. It is doubtful if there would have been a verdict for the plaintiff under the evidence adduced if the jury had understood that the neglect of the defendant must have produced the injury before the plaintiff could have an action upon the alleged omission of duty. Or if they had been clearly advised that if the plaintiff could have by ordinary care known of the existence of the obstruction the neglect of the defendant to place lights upon it coupled with her injury would not of itself have given her a cause of action.

In this view of the case we think the judgment should be reversed.

It is so ordered.

BROWN, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.