MATHEW (Sometimes called MACK) RAYAM v. ATLANTIC COAST LINE RAILROAD CO.

161 So. 415.
Division B.
Opinion Filed May 17, 1935.

*Joseph E. Williams,* for Plaintiff in Error.

*Henderson & Franklin,* for Defendant in Error.

BUFORD, J.—Writ of error in this case is to review a judgment in favor of the defendant on demurrer sustained to an amended declaration. The amended declaration attempted to state a cause of action against a railroad company for damages incurred when plaintiff's automobile being driven by plaintiff in the night time on a public highway came into collision with a flat car loaded with steel rails standing on defendant's railroad tracks, the same being a spur or service track and not a main line, and when such car was loaded was stopped and standing on the tracks obstructing the highway by reason of the fact that the engine used in moving the car had become derailed.

The declaration on its face shows that the plaintiff was familiar with the locality and conditions and that he knew of the location of the railroad track and that it was sometimes used by the railroad company over which to move trains.

The allegations of the declaration are sufficient to show that the plaintiff was guilty of some contributory negligence.

We do not think that the sustaining of the demurrer can be upheld on the ground that the cause of action, if there is any, is not within the purview of Section 4965 R. G. S., 7052 C. G. L., or that it is supported on authority of A. C. L. Railroad Co. v. McCormick, 59 Fla. 121, 52

Sou. 712; Tampa Electric Co. v. Soule, 84 Fla. 557, 94 Sou. 692; Sou. Ry. Co. v. Mann, 91 Fla. 648, 108 Sou. 890. A careful perusal of the declaration, however, fails to reveal any allegation of negligent conduct on the part of the defendant, its agents or servants, which was the proximate cause of the injury alleged to have been suffered by the plaintiff and as the allegations of the declaration are not such as to bring the alleged injury within the purview of Section 4964 R. G. S., 7051 C. G. L., they are insufficient to constitute a basis of recovery for the plaintiff.

Therefore, the judgment should be affirmed.

It is so ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur specially.

WHITFIELD, C. J. (concurring in an affirmance of the judgment).—The amended declaration contains over five pages of allegations relating largely to acts of omission and commission by the defendant, but the only allegations as to the negligence of the defendant are:

"Plaintiff represents that the said wounds and injuries and loss and damages have each and all been caused by and are the proximate injuries and damages from, and have resulted from, the gross fault, negligence and carelessness of defendant and the persons in its employ and service in the running of said engine, train and cars, and the doing and failure to do said things herein referred to and set out."

As is sufficiently pointed out in a ground of the demurrer, the quoted allegations do not indicate which of the alleged acts or omissions were negligently done and the declaration is so framed that it does not allege any particular negligence that proximately caused the alleged injury to the

plaintiff. As the plaintiff declined to further amend the amended declaration when the demurrer thereto was sustained, it was proper to render judgment for the defendant.