G. S. Clark v. Atlantic Coast Line Railroad Company; G. S. Clark, as Administrator of the Estate of Alva A. Clark, Deceased, v. Atlantic Coast Line Railroad Company; George F. Green, as Administrator of the Estate of Raymond F. Green, Deceased, v. Atlantic Coast Line Railroad Company.

192 So. 621
Division B
(3 Cases)
Opinion Filed December 19, 1939

*Fielding & Duncan,* for Plaintiffs in Error;

*Charles Cook Howell* and *John B. Sutton,* for Defendant in Error.

Per Curiam.—Writ of error from the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, all

three cases arising out of the same injury at a railroad grade crossing in which Alva A. Clark and Raymond F. Green, both minors, were killed.

Amended declarations were filed by G. S. Clark, George F. Green, fathers of the deceased minors, and by G. S. Clark, administrator of the estate of his son. Each declaration alleged generally that on the night of the fatal collision at Newberry, Florida, the defendant railroad company had parked freight cars on its tracks on both sides of the main street of Newberry, and stopped its engine on the track crossing said street. The night was dark and foggy, it having just rained, and no street lights were burning and defendant's employees had no lights, flags or flares to warn the travelers. The two minors were driving east along the said street and ran into the parked engine, both being killed. Negligence of defendant railroad company was alleged, and damages in the amount of $2,850 were asked in each declaration.

Defendant company interposed demurrers to the declarations, as follows:

"The defendant demurs to the amended declaration herein filed, because it is bad in substance and insufficient in law, and assigns the following several grounds:

"1. Said declaration states no cause of action.

"2. Material allegations of said declaration are vague, indefinite and uncertain.

"3. Material allegations of said declaration consist of conclusions which are not sufficiently supported by allegations of fact.

"4. Said declaration seeks to charge the defendant with a duty not imposed upon it by law.

"5. No facts are alleged to show the existence of any legal duty on the defendant to maintain at said crossing any

flagman, signal or light or other warning of the alleged dangerous condition of the crossing.

"6. No facts are alleged to show that the alleged collision reasonably should have been anticipated by the defendant as probable to occur.

"7. It does not appear that the defendant's alleged negligence was a proximate cause of the plaintiff's alleged injury.

"8. No causative connection is alleged, or otherwise appears, between the alleged negligence of the defendant and the alleged injury.

"9. The obstruction of the crossing by the defendant's engine was a condition only, and not a cause of the collision.

"10. It affirmatively appears that the sole proximate cause of the alleged collision was the negligent operation of the automobile mentioned in the declaration."

The demurrers were sustained and plaintiffs given time to file amended declarations. This time having elapsed, final judgments on the demurrers were, on motion, entered for defendant. From these final judgments, writs of error were brought, questioning the legal correctness of the orders sustaining the demurrers.

A passenger who is not chargeable with the negligence of the driver of an automobile, must, nevertheless, allege actionable negligence on the part of defendant railroad company as a proximate cause of the injury stated in an action for damages. Southern Ry. Co. v. Lambert, 230 Ala. 162, 160 So. 262, and the cases there cited.

A railroad company is entitled to assume that reasonable care will be exercised by automobile travelers on the highway, and that a motorist will adopt such a rate of speed and be as vigilant to avoid collisions at crossings as the conditions warrant.

Section 1, Chapter 12222, Acts of 1927, provides that in any civil action for damages against any railroad company

for injuries sustained at a railroad crossing by reason of collision with any engine or train of cars, Section 7051 (4964) and 7052 (4965) C. G. L., relating to the railroad's liability for negligence, shall govern.

A careful perusal of the declaration fails to reveal any allegation of negligent conduct on the part of the defendant, its agents or servants which was the proximate cause of the injury alleged to have been suffered by the plaintiff; and as the allegations of the declaration are not such as to bring the alleged injury within the purview of Section 7051 C. G. L., they are insufficient to constitute a basis of recovery for the plaintiffs under that section.

This case is very siilar to Kimball v. Atlantic Coast Line Ry. Co., 132 Fla. 235, 181 So. 553, and is governed by that case. There the negligence of defendant is very specifically alleged, the plaintiff going into much detail, as shown by the parts of the declaration quoted in the opinion. The Court, while holding the trial court correct in sustaining the demurrer to the declaration, said, page 238, Volume 132, Florida Reports:

"There was a duty and obligation on the plaintiff for his own safety when he approached the crossing—he knew it was a foggy night and visibility poor, and the lights on the truck necessarily were affected thereby. It is not alleged that plaintiff had no knowledge of the crossing at Apopka or of the schedule of the train. It is not shown or alleged that the volume of travel over the crossing requires lights, flares, signalmen, the bells ringing, etc. The train remaining stationary on the crossing *ipso facto,* could not be the proximate cause of the injury but the proximate cause was the driving of the car into the freight train while it was standing on the crossing, or the plaintiff's own negligence. If the visibility was poor, it was the duty of the plaintiff to have driven the truck at a low rate of speed so that on short

notice the emergency brakes could be applied and the truck stopped. The statutes of Florida prescribe the speed, lights and conditions of the brakes of automobiles when being operated upon the highways of Florida. The allegations of the declaration show that defendant's train was stationary across the street. It appears that there were no lights to show the presence of the train at the surface crossing and that a fog affected visibility in the darkness. But if the plaintiff had his car under proper control at a proper rate of speed under the circumstances and he could have seen the train and stopped the truck before colliding with the stationary train, he is responsible for the collision. It may reasonably be inferred from the allegations of the declaration that the plaintiff knew of the railroad track and that trains were operated thereon at night. The circumstances indicated by the declaration clearly show that to state a cause of action there should be allegations that the plaintiff did not see and could not have seen the stationary train across the street before the collision; otherwise it appears the injury to plaintiff was caused solely by his own negligence in operating the truck under circumstances demanding great care and attention for his own safety. If the injury could not have occurred but for his own negligence, he cannot recover under the statute. Section 7052 (4965) C. G. L. We think the case at bar is ruled by Key West Electric Co. v. Albury, 91 Fla. 695, 109 So. 223."

See also Stowers v. Atlantic Coast Line Ry. Co., 106 Fla. 102, 142 So. 882; Rayam v. Atlantic Coast Line Railroad Co., 119 Fla. 386, 161 So. 415.

In the light of the authority of these cases, the judgment of the trial court should be affirmed.

It is so ordered.

TERRELL, C. J., and WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—When all the allegations contained in the declaration in this case are considered, I am of the opinion that said declaration does not wholly fail to state a cause of action, and that the demurrer thereto should therefore have been overruled, and the defendant required to plead thereto.