KEY WEST ELECTRIC COMPANY v. ELIZABETH HIGGS

136 So. 639.
140 So. 327
Division B.
Opinion Filed September 23, 1931
On Rehearing November 30, 1931.

*Knight, Thompson & Turner* and *Wm. H. Malone,* for Plaintiff in Error;

*Arthur Gomez,* for Defendant in Error.

PER CURIAM.—In an action for wrongful death, the jury rendered a verdict for $40,000.00 damages. The trial court suggested a remittitur of $15,121.42, and upon such remittitur being entered, rendered judgment against the defendant for $24,878,58, being $12,878.58 for financial loss and $12,000.00 for solatium to the widow of the decedent.

While the evidence indicates negligence of the defendant company in not having its wires properly insulated, the testimony and physical facts show negligence of the decedent in allowing his chin to come in contact with the live wire when his task should properly have been performed with his head below the wire, he being provided with gloves to protect his hands in operating the wire. The amount of the verdict indicates non-compliance with the statute which

provides that if the employee and employer "are both at fault, there may be a recovery, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to both." Section 706 (4973) Compiled General Laws. Under this statutory provision, contributory negligence does not bar recovery as at common law, but where the causal negligence is attributable partly to the defendant and partly to the injured employee, the recovery shall not be full damages, but only a diminished sum bearing the same relation to the full damages that the negligence attributable to the defendant bears to the negligence attributable to both; the purpose being to exclude from the recovery a proportional part of the damages corresponding to the employee's contribution to the total negligence. Norfolk & Western Ry. v. Earnest, 229 U. S. 114, 122; Grand Trunk Western Ry. v. Lindsay, 233 U. S. 42, 49; Seaboard Air Line v. Tilghman, 237 U. S. 499; S. A. L. Ry. v. Callan, 73 Fla. 688, 74 So. 799.

Upon a consideration of the whole record the damages awarded by the judgment appear excessive. If within thirty days after the filing of the mandate of this court in the trial court a remittitur of five thousand dollars is entered, the judgment will stand affirmed for $19,878.58 as of the date of the judgment; otherwise the judgment will stand reversed for a new trial.

It is so ordered.

BUFORD, C. J., and WHITFIELD, ELLIS, TERRELL and DAVIS, J. J., concur.

BROWN, J,. dissents.

## ON REHEARING

PER CURIAM.—Upon further consideration of the record herein upon a petition for rehearing it is ordered and adjudged that the remittitur authorized by the original opinion

herein, 136 So. 639, shall be ten thousand dollars so that the judgment shall stand affirmed for $14, 878.58 as of the date of the judgment; otherwise the judgment shall stand reversed for a new trial.

It is so ordered and a rehearing is denied.

BUFORD, C. J., and WHITFIELD, ELLIS, TERRELL and DAVIS, J. J., concur.