LEE ANDERSON v. J. B. CRAWFORD, *et al.*

149 So. 656.
Division A.
Opinion Filed July 13, 1933.
Rehearing Denied September 18, 1933.

G. P. *Garrett* and O. S. *Thacker,* for Plaintiff in Error; *Warren B. Parks* and *Leroy B. Giles,* for Defendants in Error.

ELLIS, J.—The plaintiff in error, Lee Anderson, was injured by a freight train of the Atlantic Coast Line Railroad Company at a railroad crossing in the City of Kissimmee at about one o'clock, P. M., on September 30th, 1930. Anderson was driving an automobile approaching the track of the railroad company from the west on Pennfield Avenue. At that point the railroad track lies almost at right angles with the street which runs east and west. The train was approaching the crossing from the south and was running at about twenty miles an hour.

Anderson brought an action for damages for personal injuries and for damages to his automobile, which was practically demolished by the collision, against the railroad company and J. B. Crawford, engineer in charge of the locomotive. The negligence attributed to the railroad company and Crawford by the plaintiff in his declaration was that the train was carelessly and negligently operated.

The defendant pleaded not guilty and that the plaintiff directly contributed to his injuries in that he could by the exercise of due diligence have seen the approaching train for several hundred yards before he attempted to cross the track but negligently drove his "car" directly in front of the approaching train.

A motion to strike and a demurrer were interposed to the second plea. The court considered the plea insufficient

as a plea in bar but allowed it to stand as a plea in mitigation of damages.

There was a verdict for the defendant. A motion for a new trial was denied and judgment entered for the defendant.

The plaintiff seeks to reverse the judgment on writ of error, the evidence of the issuing of which was supplied to this Court by a supplement to the transcript a week after the transcript as originally made up was filed.

The plaintiff desired to proceed separately against the engineer, Crawford, and the railroad company and to that end moved the court for an order after the jury had been sworn in the cause and counsel for plaintiff and defendant had made their opening statements to the jury. The motion was denied. There is no merit in the contention made by plaintiff in error in this behalf. Assuming that Crawford, the engineer of the railroad company in charge of the locomotive at the time of the accident, was a joint *tort feasor* with the company, the plaintiff joined them in one action which was within his rights. The defendants interposed separate pleas but they were identical in substance. The reason urged by the plaintiff in error for separate trials of the case is one which might have appealed to the defendants but they waived it and insisted upon a trial together as they had been joined as defendants in one declaration.

There is no question that joint *tort feasors* are separately as well as jointly liable, but in one action against them the plaintiff may take a judgment against some of the defendants or all of them. The plaintiff chose to join them in one action and proceeded to the impaneling of the jury, swearing them to try the issues joined, and the statement to the jury of the case sought to be established against them. The argument advanced by the plaintiff in error is that a

different rule of liability applied to Crawford from that which applied to the railroad company in the case, but even if such were the case and an agent of the railroad company could obtain deliverance by a rule that does not apply to his principal it was an argument that Crawford may have urged to secure a severance but not one to be urged by the plaintiff who joined them in one action and is privileged in that action to take a judgment against one or both defendants accordingly as the evidence and verdict might warrant.

Edward Newton, a witness for the plaintiff, was called. He is City Manager of the City of Kissimmee. The plaintiff sought to prove by him the existence of a city ordinance applicable at the point where the accident occurred providing that "no locomotive, car, or train of cars shall be run within the corporate limits at a greater speed than 6 miles an hour." There was evidence that at the time of the accident, which occurred within the corporate limits of the city, the train of the defendant corporation was running at a speed of twenty miles per hour or greater. The objection was made on the part of the defendants to the introduction of such ordinance on the ground that it had not been pleaded in the declaration as a basis for the recovery of damages resulting from a violation of its provisions by the defendants. The plaintiff in error contends that the ordinance was admissible in evidence on the question of alleged negligence in operating the train. The court excluded the proffered evidence. At the close of the testimony for the defendants the plaintiff again moved the court to be permitted to submit the ordinance in evidence but the motion was denied. These rulings of the court constitute the basis for the second, third, fourth and fifth assignments of error.

Whether the violation by a locomotive engineer of an ordinance prescribing the rate of speed at which a railroad train shall be operated within the city limits constitutes of itself negligence is not the question, but, where the action rests upon a general allegation of negligence in operating a train at a railroad crossing within the limits of a city, whether an ordinance prohibiting by its terms the operation of a train of cars at a greater rate of speed than the evidence shows the train of cars to have been traveling at the time of the accident may be shown in evidence and be considered in determining the existence of negligence *vel non* is the question presented by the assignments of error.

While it is true that the plaintiff may not recover from a railroad corporation damages for personal injuries sustained while attempting to cross the track of the railroad at a public crossing in front of an approaching train when he knew or could have known by the exercise of reasonable caution of the approach of the train and the imminent danger to which he voluntarily subjects himself by attempting to cross the track in front of it, yet if the plaintiff's negligence was not the sole proximate cause of the injury, or if the evidence is not so clear as to be apparent that he was the sole cause of his own injury but only amounted to contributory negligence and the injury might have been avoided but for negligence of the railroad corporation, he may nevertheless recover damages for his injury but they will be reduced in proportion to the contributory negligence of the injured party.

We reiterate what this Court has often said relating to the reciprocal duties of railroad train operatives and a person traveling upon the public highway who desires to cross a railroad track. The conditions existing at the crossing at the time of the accident constitute the measure of duty resting upon the train operatives on the one hand and

the traveler upon the public highway on the other. This proposition was discussed in the original opinion and the opinion on rehearing in the case of Seaboard Air Line Ry. Co. v. Ebert, 102 Fla. 641, 138 South. Rep. 4, and many of the cases decided by this Court involving the question were cited.

The speed at which the train was operated is one circumstance, that such speed was in excess of the limitations placed by a valid ordinance upon the speed at which trains should be operated at certain places was another circumstance tending to show the carelessness and disregard of life on the part of the train operatives in handling the train. While it is true that if the plaintiff saw the approaching train, or by the exercise of due care could have seen it as it approached, but in careless disregard of his own life drove his automobile upon the track in front of the train he should not be allowed to recover damages for injuries sustained, yet that was a matter to be determined by the jury and the circumstances in this case as they existed at the crossing at the time of the accident are not so perfectly and convincingly evident of the plaintiff's reckless carelessness and disregard of his own welfare as to have warranted the court in taking the question from the jury and deciding that the defendant was free from any liability. The court did not pursue that course but left the matter to be determined by the jury, but in doing so the court withheld from them the consideration of the circumstance that the rate of speed at which the train was driven was in excess of that speed required by the ordinance to be observed.

The rule for which the plaintiff in error contends is supported by the authorities cited in the brief of his counsel. See 45 C. J. 1070; Louisville & N. R. Co. v. Christian Moerlein Brewing Co., 150 Ala. 390, 43 South. Rep. 723; Cragg v. Los Angeles Trust Co., 154 Cal. 663, 98 Pac. Rep. 1063,

16 Ann. Cas. 1061; Pellet v. Ershick, 99 Fla. 483, 126 South. Rep. 784.

So the court erred in excluding the proffered ordinance. It is unnecessary to discuss the other assignments of error.

The judgment is reversed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.