A. T. KIMBALL v. ATLANTIC COAST LINE RAILROAD
COMPANY

181 So. 533.
Division B.
Opinion Filed March 2, 1938.
Rehearing Denied May 19, 1938.

*George Palmer Garrett,* for Plaintiff in Error;

*W. E. Kay, Leroy B. Giles* and *Warren B. Parks,* for Defendant in Error.

CHAPMAN, J.—This suit is here on writ of error sued out by plaintiff below to a final judgment in behalf of the defendant. The amended declaration alleges that the plaintiff sustained personal injuries when a truck driven by him came into a collision with a train standing on a railroad crossing on defendant's railroad track across the main street of the Town of Apopka, Orange County, Florida. The negligence upon which a recovery is sought is; viz.:

"1.   At the said time and place said defendant Railroad Company had obstructed traffic on said thoroughfare of said City for more than five minutes contrary to the ordinances of the said Town of Apopka then effective forbidding such obstructions.

"2.   At said time and place, the said Railroad Company had stopped and parked its train entirely across and entirely obstructing the entire width of said main thoroughfare, thereby preventing any persons or vehicles from passing along said thoroughfare across said track at said time and place.

"3.   Said Railroad Company then and there had or maintained no watchman or signal-man or signal on the side of the said halted train facing the center of Town, namely, facing the direction from which the plaintiff came.

"4.   Said Railroad Company then and there had no light or flare on the side of the said halted train facing the center of Town, namely, facing the direction from which the plaintiff came, or ring any bell, to warn persons approaching in vehicles from the direction of the center of Town.

"5.   At the time of the accident the night was dark and foggy.   The visibility was poor.   The street light of the City

of Apopka, at the crossing, was unlit. The train in question was obstructing said street at the time when, according to its regular schedule, it should not have been in Apopka, and hence, travelers familiar with its schedule could not anticipate that it would be occupying the streets of Apopka.

"6. The said freight train, at the moment of the collision, had already obstructed the said crossing for an unreasonable length of time.

"7. The bottoms of the bodies of the freight cars which obstructed said crossing were about three feet above the surface of the street; and the approach of the intersecting town thoroughfare from the direction of the center of Town toward the railroad track at that point is on an incline downwards. Under these circumstances, the plaintiff's lights, though they were properly focused, would not, and did not, illuminate the freight train because the plaintiff's lights did not, and should not, throw any rays as high as the bottom line of the bodies of the freight cars, and therefore, although the plaintiff's lights were working and in good order and properly focused as plaintiff approached the said crossing, said lights did not, and, if properly focused, should not, have lit up the bodies of the freight cars. Hence, the plaintiff, and any other automobile passerby with properly focused lights, would be, and plaintiff was, unable to see in the fog and dark that the freight cars were obstructing the crossing."

A demurrer was directed to the amended declaration, the grounds of which are: (a) the amended declaration fails to state a cause of action; (b) the alleged injuries were due solely to plaintiff's negligence; (c) a standing train on a railroad track is not *per se* actionable negligence; (d) facts are not alleged showing a breach of duty in failing to maintain a watchman, light, flares, or a flag at the place or rail-

road crossing where the alleged injury occurred. It is unnecessary to recite other grounds of the demurrer.

On July 29, 1937, the Court sustained a demurrer to the amended declaration, when, plaintiff declining to plead further, a final judgment was entered on behalf of defendant; writ of error was taken thereto, and the action is here and a reversal sought on two assignments of error.

It is contended by counsel for plaintiff in error that the proximate cause of plaintiff's injury was due (a) to obstruction of the street crossing for more than five minutes contrary to a municipal ordinance; (b) obstruction of entire width of street crossing by the train; (c) no lights, flares, or sounding of bell while at the crossing; (d) poor visibility; (e) obstruction of the crossing for an unreasonable length of time; (f) an incline downwards prevented the lights of plaintiff's truck from showing the freight cars. We have given due consideration to the elaborate and instructive brief of counsel for plaintiff in error. The authorities cited have been examined. Emphasis has been placed on Wolfe Construction Co. v. Ellison, 127 Fla. 808, 174 So. 594; Adams v. Elliot, 128 Fla. 79, 174 So. 731; Pillett v. Ershick, 99 Fla. 483, 126 So. 784; Anderson v. Crawford, 111 Fla. 381, 149 So. 656; Clair v. Merriweather, 127 Fla. 841, 174 So. 591, but the facts in each of these suits are clearly distinguishable from the facts in the suit at bar. There was a duty and obligation on the plaintiff for his own safety when he approached the crossing—he knew it was a foggy night and visibility poor, and the lights on the truck necessarily were affected thereby. It is not alleged that plaintiff had no knowledge of the crossing at Apopka or of the schedule of the train. It is not shown or alleged that the volume of travel over the crossing requires lights, flares, signalmen, the bells ringing, etc. The train remaining stationary on the crossing, *ipso facto*, could not

be the proximate cause of the injury but the proximate cause was the driving of the car into the freight train while it was standing on the crossing, or the plaintiff's own negligence. If the visibility was poor, it was the duty of the plaintiff to have driven the truck at a low rate of speed so that on short notice the emergency brakes could be applied and the truck stopped. The statutes of Florida prescribe the speed, lights and conditions of the brakes of automobiles when being operated upon the highways of Florida. The allegations of the declaration show that defendant's train was stationary across the street. It appears that there were no lights to show the presence of the train at the surface crossing and that a fog affected visibility in the darkness. But if the plaintiff had his car under proper control at a proper rate of speed under the circumstances and he could have seen the train and stopped the truck before colliding with the stationary train, he is responsible for the collision. It may reasonably be inferred from the allegations of the declaration that the plaintiff knew of the railroad track and that trains were operated thereon at night. The circumstances indicated by the declaration clearly show that to state a cause of action there should be allegations that the plaintiff did not see and could not have seen the stationary train across the street before the collision; otherwise it appears the injury to plaintiff was caused solely by his own negligence in operating the truck under circumstances demanding great care and attention for his own safety. If the injury could not have occurred but for his own negligence, he cannot recover under the statute. Section 7052 (4965) C. G. L. We think the case at bar is ruled by Key West Electric Co. v. Albury, 91 Fla. 695, 109 So. 223. The judgment appealed from is hereby affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

240

Ellis, C. J., and Terrell and Buford, J. J., concur in the opinion and judgment.