ADA C. CLINE, as Administratrix of the Estate of Robert Laurine Cline, Deceased, v. L. R. POWELL, JR., and HENRY W. ANDERSON, as Receivers of Seaboard Air-Line Railway Company.

192 So. 628

Division A

Opinion Filed December 19, 1939

Rehearing Denied January 11, 1940

120

*W. D. Bell,* for Plaintiff in Error;

*Treadwell & Treadwell,* for Defendants in Error.

BUFORD, J.—Plaintiff in error filed suit against defendants in error for the alleged wrongful death of her intestate.

An original declaration, an amended declaration and a second amended declaration were filed. Demurrer was filed to the second amended declaration and sustained.

The plaintiff declined to plead further and thereupon judgment was entered in favor of the defendant and the cause dismissed.

The second amended declaration was in four counts, the first count of which was as follows:

"Ada C. Cline, as administratrix of the estate of Robert Laurine Cline, deceased, who died intestate, plaintiff, by her attorney W D. Bell, sues L. R. Powell, Jr., and Henry W. Anderson, as receivers of the Seaboard Air Line Railway Co., a corporation, for this, to-wit:

"That heretofore and at the time of committing the grievances hereinafter mentioned, the said defendants were the receivers and operators of a certain railway running through the City of Arcadia and used then, before, since and now for the purpose of running steam engines, cars and trains of cars on and over the same; and that said railway runs over and across Hickory Street within the corporate limits of the City of Arcadia, Florida; that the said Hickory Street is a street frequently traveled as a highway by the public generally, which was a fact well known to the agents and employees of defendants; that on the fourth day of October, 1935, the agents and employees of the defendants unlawfully blocked the said public street at said crossing by placing flat cars across said public street and that the defendants by their said servants so negligently managed their said train of cars by leaving it parked upon and across said highway that Robert Laurine Cline, while lawfully driving along the said highway in an automobile in the night time of said day and exercising due care and caution collided with the said cars unlawfully parked upon said highway and the said Robert Laurine Cline was thereby thrown down, wounded, bruised, mangled, mashed, crushed and caused to languish in great pain and torture and in mental and bodily suffering from that time until shortly

thereafter, to-wit: on the sixth day of October, 1935, when he died from the effects thereof.

That at the time of his death the said Robert Laurine Cline had no wife or minor children or any person or persons dependent upon him for support and plaintiff is the duly appointed and qualified administratrix of the estate of Robert Laurine Cline, deceased.

"WHEREFORE Plaintiff says that damages have been sustained to the amount of $25,000.00 and that by virtue of the statute in such cases made and provided she has the right to recover said amount and therefore brings this suit and claims $25,000.00 damages."

There is no material difference between the first and second counts. The third count of the said declaration is:

"That the said Robert Laurine Cline was on the fourth day of October, A. D. 1935, possessed of an automobile and he was lawfully driving the same along a public highway namely Hickory Street within the corporate limits of the City of Arcadia, using due caution, and that the agents and employees of defendants negligently placed and left a flat train across said street without any warning and that the said train was parked across said street; that the said Robert Laurine Cline was lawfully driving in said automobile on said date after eight o'clock P. M., and that it was so dark that he was unable to see the defendant's train of cars and that the said automobile so propelled was suddenly stopped by said cars and the deceased was then and there bruised, maimed, wounded and suffered great pain and anguish from which he subsequently died.

"That at the time of his death the said Robert Laurine Cline had no wife or minor children or any person or persons dependent upon him for support and plaintiff is the duly appointed and qualified administratrix of the estate of Robert Laurine Cline, deceased."

There is no material difference between the third and fourts counts. Demurrer was interposed and sustained as to all counts. The demurrer to each and every count contained eight grounds. The first to the seventh grounds, inclusive, attacked the sufficiency of the allegations to show that plaintiff's intestate at the time of the accident was exercising such care, prudence and caution as the circumstances surrounding him on the night of the accident required and that he was operating his automobile under such conditions and in such manner as to meet the requirements of prudence and caution.

The eighth ground attacks the sufficiency of the allegations of the declaration to show that the plaintiff has the legal right conferred by statute to maintain the action against the receivers.

It is true that the rule is well settled in the State that "generally the test of the sufficiency of the declaration is whether or not it alleges distinctly every fact to the plaintiff's right of action, such facts to be characterized by certainty, clearness and conciseness, that the material issue or issues may be determined quickly and with certainty and that the defendant may be apprised of the charge or charges against him with that degree of clearness and definiteness as will enable him to prepare his defense properly." Triay v. Seals, 92 Fla. 310, 109 So. 427; Ballas v. Lake Weir Light, etc., Co., 100 Fla. 913, 130 Sou. 421; Warner v. Goding, 91 Fla. 260, 107 Sou. 406. See also Butler v. Sou. Ry. Co., 63 Fla. 95, 58 Sou. 225.

However, in Rayam v. A. C. L. R. R. Co., 229 Fla. 386, 161 Sou. 415, we held:

"Declaration which showed that motorist familiar with locality and general conditions was injured at night when he drove automobile against flat car blocking highway across service track, due to derailment of locomotive, but which

did not show any negligent conduct on railroad's part that proximately caused injury, *held* demurrable because no negligence by railroad proximately causing injury was shown and because statute relating to injuries caused by running locomotives or cars did not apply."

In Kimball v. A. C. L. R. R. Co., 132 Fla. 235, 181 Sou. 533, we held:

"A petition seeking damages for injuries suffered by truck driver in collision with train standing stationary on crossing at night was demurrable in absence of allegations that truck driver did not see and could not have seen the train, since otherwise driver's recovery would be barred by contributory negligence." See also Key West Electric Co. v. Albury, 91 Fla. 695, 109 Sou. 223.

In view of the enunciations in authorities cited, we cannot hold that the court erred in sustaining demurrer to the third and fourth counts of the declaration. It is true that contributory negligence must be pleaded and cannot be set up by demurrer unless the allegations of the declaration are sufficient on the face thereof to show contributory negligence. It is the duty of one driving an automobile on the highway to so drive as to be able to control the automobile within range of his vision.

Our statutes provide that:

"A railroad company shall be liable for any damage done to persons * * * by the running of locomotives, or cars * * * of such company, * * * unless the company shall make it appear that their agents have exercised all ordinary and reasonable care and diligence, the presumption in all cases being against the company" Sec. 7051 (4964) C. G. L.

"No person shall recover damages from a railroad company for injury to himself or to his property, where the same is done by his consent, or is caused by his own negli-

gence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished or increased by the jury in proportion to the amount of default attributable to him" Sec. 7052 (4965) C. G. L.

Under the statute the recovery against a railroad company must be for "damage done * * * by the running of locomotives or * * * cars of such company;" and "contributory negligence does not bar recovery as at common law, but where the causal negligence is attributable partly to the defendant and partly to the injured party the recovery shall not be full damages, but only a diminished sum bearing the same relation to the full damages that the negligence attributable to the defendant bears to the negligence attributable to 'both; the purpose being to exclude from the recovery a proportional part of the damages corresponding to the injured party's contribution to the total negligence." Norfolk & Western Ry. v. Earnest, 229 U. S. 114, 122; Grand Trunk Western Ry. v. Lindsay, 233 U. S. 42, 49; Seaboard Air Line v. Tilghman, 237 U. S. 499; S. A. L. Ry. v. Callan; 73 Fla. 688, 74 Sou. 799." See Key West Electric Co. v. Higgs, 118 Fla. 11, 13, 136 Sou. 639, 140 Sou. 327.

Where an injury was caused by the injured party's own negligence the statute forbids a recovery of damages.

In view of the above quoted statute, in cases like this where the action is to recover damages for injuries, received in driving a motor vehicle into a railroad company's train standing on a grade crossing, and the allegations of the declaration as in this case afford an inference, or presumption against the pleader, that the injury was "caused by" the injured party's "own negligence" so as to bar recovery, it is incumbent upon the plaintiff to allege facts to show that the injury complained of was *not* "caused by" the injured

party's "own negligence" so as to state a cause of action for appropriate recovery.

The operation of railroad trains is authorized by law. Such a train must run on a track; and even if the track is ·not obvious to one approaching it at a grade crossing, certainly a train is so obvious and may be seen in time to avoid accidents even at night by the use of lights required by law to be used on motorcycles. If a sudden obstruction to view appears, the vehicle should be stopped or driven off the travel lane, or the driver should do the needful to avoid an accident if possible. The driver of a motor vehicle is by law required to proceed at a reasonable speed according to existing circumstances and to keep the vehicle in complete control so as to stop in time or to do the needful to avoid accidents if possible, particularly on unfamiliar roads or at night or in unfavorable weather or other conditions that are likely to make traveling risky or dangerous to anyone.

If the driver of a motor vehicle has no proper lights or does not use them when he should, or does not have and keep the vehicle in proper condition and under proper control, he is negligent, and an accident or injury to himself may be caused by his own negligence so as to bar recovery of damages under the above quoted statute.

The second question presented has not heretofore been presented to this Court. The right of action of the plaintiff in the court below, if it exists at all, must be found in some statutory provision. The statute in this State which confers the right of action for wrongful death caused by negligence of another is Section 4960 R G. S., 7047 C. G. L., which is as follows:

"Whenever the death of any person in this State shall be caused by the wrongful act, negligence, carelessness or default of any individual or individuals, or by the wrongful

act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness or default of any agent of any corporation, acting in his capacity of agent of such corporation (or by the wrongful act, negligence, carelessness or default of any ship, vessel or boat or persons employed thereon), and the act, negligence, carelessness or default is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action (or to proceed *in rem* against the said ship, vessel or boat, or *in personam* against the owners thereof, or those having control of her), and to recover damages in respect thereto, then and in every such case the person or persons who, or the corporation (or the ship, vessel or boat), which would have been liable in damages if death had not ensued, shall be liable to an action for damages (or if a ship, vessel or boat, to a libel *in rem,* and her owners or those responsible for her wrongful act, negligence, carelessness or default to a libel *in personam*), notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony."

It is contended by appellee that this statute does not impose the liability on receivers of an operating railroad company, while the appellant contends that such receivers are within the purview of the statute.

Section 125, Title 28, U. S. C. A., provides:

"Every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such manager or receiver was appointed so far as the same may be necessary to the ends of justice."

Appellee relies largely upon the opinion and judgment in the case of Turner v. Cross, a Texas case reported 15 L. R. A. 262, wherein that court held in line with appellee's contention. The appellee also cites Memphis and C. R. Co. v. Hoechner, 67 Fed. 456, and A. B. & A. R. R. Co. v. McGill, 194 Ala. 186, 96 Sou. 874.

It can hardly be doubted that receivers of operating railroad companies are liable for damages arising from personal injuries caused by negligence in the operation of a railroad. See Durkin v. Sharp, 88 N. Y. 225; Fuller v. Jewett, 80 N. Y. 46, 36 Am. Rep. 575; Sloan v. Central Iowa R. R. Co., 62 Iowa 728; Murphy v. Holbrook, 20 Ohio St. 137; Sprague v. Smith, 29 Ft. 421, 70 Am. Dec. 424.

In the case of Nashville R. R. & Light Co. v. Bunn, *et al.,* 168 Fed. 862, the Circuit Court of Appeals of the Sixth Circuit reviewed the judgment in favor of the defendant in error on writ of error. It appears that there was more than one judgment under consideration. The judgment was for personal injuries sustained by defendant in error, plaintiff in court below, through the alleged negligent operation of the street railway company by its receiver, which receiver had been appointed by the Federal Court in a mortgage foreclosure suit. In that case the defendants to whom we refer as plaintiffs in the court below, intervened in the mortgage foreclosure suit claiming damages and claiming that under the Tennessee statute they were entitled to preference over the mortgage under foreclosure. Negligence was denied by the receiver. The issues were made up and referred to a master with directions to take proof and report the same with his findings of law and fact to the court. The master awarded damages to the intervenors and held that they were entitled to preference out of the funds arising out of the foreclosure sale.

The writ of error was dismissed, not because of lack of

liability, but because review should have been by appeal and not by writ of error. Amongst other things the court said:

"With respect to the exclusiveness of this jurisdiction in suits growing out of the operation by a receiver of the property in his possession, Congress has enacted that such suits may be brought in any court, having jurisdiction otherwise, without leave of the court appointing the receiver. Act March 3, 1887, c. 373, No. 3, 24 Stat. 554, as corrected by Act Aug. 13, 1888, c. 866, 25 Stat. 433, 436 (U. S. Comp. St. 1901 p. 582); Texas & Pacific Ry Co. v. Cox, 45 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829. Thus the defendants in error were at liberty to bring their suit to reduce their claim to a judgment in a state court, had they seen fit, or they might intervene in the foreclosure suit and obtain not only a judgment for damages but have their status against the fund in the custody of the court determined in a single proceeding. That such an intervention was a proceeding in equity, irrespective of the character of the claim presented, is beyond question. It was within the discretion of the court to have called a jury and submitted to it the question of negligence and damages. Such a practice is well settled. But in that event the verdict of the jury would have been advisory, and might have been disregarded and judgment rendered upon the evidence without regard to the verdict *In Re.* Neasmith, 147 Fed. 160, 163, 77 C. C. A. 402; 2 Daniell's Chan. Pleading & Pr. (5th Ed.) 1148; Johnson v. Harmon, 94 U. S. 371, 24 L. Ed. 271; Barton v. Barbour, 104 U. S. 126, 26 L. Ed. 672; Idaho & Oregon Land Co. v. Bradbury, 132 U. S. 509, 516, 10 Sup. Ct. 177, 33 L. Ed. 433; Kohn v. McNulta, 147 U. S. 238, 13 Sup. Ct. 298, 37 L. Ed. 150; Flippen v. Kimball, 87 Fed. 258, 31 C. C. A. 282. This is precisely what was done in Kohn v. McNulta and Flippen v. Kimball, cited above, the pro-

ceedings being interventions by employees of the court's receiver injured while in his service. So the chancellor may send an issue involving a purely legal question to a court of law to be there tried by a jury. But even in such a case applications for a new trial are not made to the court of law, but must be made to the chancery court, after the proceedings are certified back."

So it is that while it may be conceded that receivers operating a railroad are liable for injuries sustained by reason of the negligent operation of such railroad, appellee contended in the court below, and contends here, that such receivers are not liable in damages for a wrongful death by reason of negligence. It is conceded that wrongful death by negligence of another did not constitute a cause of action in behalf of the heirs or legal representatives of the estate of the deceased at common law.

So we must now determine whether or not the provisions of Section 4960 R. G. S., 7047 C. G. L., either directly or by implication, make receivers of an operating railroad liable in such cases. As we construe the statute, such receivers are included therein, while not specifically designated in the statute. It is apparent that the statute was intended to cover all cases where the wrongful act, negligence, carelessness or default resulted in injury and death and that if fixed liability in all cases where liability would have existed in favor of the injured for the injury, had not death ensued. The liability is not imposed upon the persons who happen to be the receivers but the liability is against the receivership, the receiver being regarded as in the nature of a corporate sole, because the receiver in the operation of the railroad exercises the function of the corporation as the agent of the court, but not as the court. See McNulta v. Lochridge, 141 U. S. 327, 35 L. Ed. 786; The Texas & Pacific Ry. Co.

v. Johnson, 151 U. S. 81, 38 L. Ed. 81; Eddy, *et al.,* as Receivers v. Lafayette, *et al.,* 163 U. S. 456, 41 L. Ed. 225.

Indeed, it would be a strange condition which would require us to hold that if a man is injured and lives he may recover damages sustained by reason of the injury, but if he dies of that injury before he has been compensated then his widow may not recover damages occasioned by the injury and death. But, if there were no statutory provision creating liability in such cases, the right to recover would not exist.

For the reasons stated, the judgment should be affirmed. It is so ordered.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, J., concurs in opinion and judgment.

Justices Brown and Chapman not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.