LOUIS H. BROWN, as Administrator of the Estate of Nancy Virginia Brown, v. SCOTT M. LOFTIN, and JOHN W. MARTIN, as Trustees of the property of the Florida East Coast Railway Company, a Florida corporation.

18 So. (2nd) 540  
June 20, 1944  
Rehearing denied July 11, 1944

June Term, 1944  
Division A

622

*McCune, Hiaasen & Fleming,* for appellant.

*Russell L. Frink, Robert H. Anderson* and *John H. Wahl, Jr.,* for appellees.

CHAPMAN, J.:

This is a railway accident case in which Miss Nancy Virginia Brown lost her life. She, with three others occupied the rear seat of the automobile which ran into a freight train consisting of 32 cars then operated by the Florida East Coast Railway Company over a regular street crossing situated on the outskirts of the City of Fort Lauderdale, Florida. The collision occurred around 1:00 o'clock A.M., September 26, 1943. The freight train was in motion and the automobile struck the 17th car back from the engine. The automobile was driven by a Chief Petty Officer of the United States Navy. The party consisted of three Lieutenants and three young lady guests—having previously attended an officers' party—at the Naval Air Base and were then returning to the City of Fort Lauderdale.

The trial court held that the declaration failed to state a cause of action and bottomed his conclusions on cases viz: Kimball v. Atlantic Coast Line Ry. Co. 132 Fla. 235, 181 So. 533; Cline v. Powell, 141 Fla. 119, 192 So. 628; Denton v. Atlanta & St. Andrews Bay R. Co., 141 Fla. 153, 192 So. 624; Clark v. Atlantic Coast Line R. Co., 141 Fla. 155, 192 So. 621, and similar cases. Counsel for plaintiff below perfected an appeal here.

It is contended here that the case at bar is distinguishable from the cited cases for reasons viz: (1) the cited cases involved a standing train, while the case here was a moving train; (2) the dangerous aspects of the crossing was made known to the railroad company a year prior to the collision; (3) warning signals had not been constructed at the crossing; (4) a signboard or other warning devises were totally

absent where the collision occurred; (5) the collision occurred on a much traveled street within the municipality; (6) absence of automobile flash signals at the crossing; (7) dimout regulation controlling lights on automobiles; (8) automobile was operated at reasonable speed but occupants were unable to see the moving freight train; (9) other substantial reasons are assigned, constituting questions of fact submittable to a jury under appropriate instructions.

The contention that the freight train was in motion when the accident occurred rather than at a stop cannot affect our previous holdings, because in either instance the train was being operated within the meaning of the statute. The absence of sign boards, flash light signals and other warning devices about the railroad crossing are insufficient reasons under the peculiar circumstances of this controversy. If a driver of an automobile fails or omits, when approaching a railroad crossing, to see or observe a moving freight train on a railroad crossing directly in front of the driver of the car and across the highway he is traveling, when the freight train consists of thirty or more cars, then a serious doubt arises and must exist as to whether or not lawfully required signs and signals at such crossing would prove efficacious.

It is contended that the painting of the lights of the automobile except a narrow strip, in accordance with the dimout regulations, prevented the driver from seeing the freight train then on the crossing. The answer to this contention is that greater care and caution should have been exercised by the driver at or near the crossing because of his inefficient lights. We are unable to appreciate the contention that the plaintiff below has been deprived of due process in not being allowed to submit to a jury the alleged disputes and conflicts, likely to develop, under the allegations of the declaration.

It is our conclusion that the reasons offered here to distinguish the facts in the case at bar from the Kimball case, and similar suits are legally insufficient.

Affirmed.

BUFORD, C. J., TERRELL, and ADAMS, JJ., concur.