53 So.2d 777 (1951)
GOFF
v.
ATLANTIC COAST LINE R. CO. et al.
Supreme Court of Florida, Division B.
August 3, 1951.
Mabry, Reaves, Carlton, Anderson, Fields & Ward, Tampa, for appellant.
Charles Cook Howell, Wilmington, N.C. and LeRoy Allen, Tampa for appellees.
*778 ROBERTS, Justice.
We here review a summary judgment entered by the court below in favor of defendant-appellees in a suit by plaintiff-appellant to recover for her injuries sustained in a railroad crossing accident. It appears from affidavits filed in support of its motion for summary judgment by the defendant railroad company that the automobile in which plaintiff was a guest passenger struck the rear of the first car behind the engine of defendant's train with such force as to derail such car; and that, as shown by the tire skid marks of the automobile, the tires had skidded approximately 114 feet before colliding with the train. The lower court in entering summary judgment declared therein that "While a passenger in a car is not chargeable with the contributory negligence of the driver, it is apparent that there is no actionable negligence on the part of the railroad in this case, but that the sole proximate cause of the accident was the negligence of the driver of said car in failing to have his car under proper control to be able to stop in time to avoid this collision."
The plaintiff had charged that the defendants "negligently failed to give proper signals to notify the plaintiff of the approach of said train," and that the defendant railroad company "negligently failed to provide appropriate signals at the crossing, and negligently permitted a fairly dense growth of trees and bushes to grow up on top of the embankment on either side of the tract so that the train was partially hidden from the view of automobile operators approaching the crossing," as a direct result of which, it was alleged, the plaintiff was injured. In support of these allegations and in resistance to the defendant's motion for summary judgment, the plaintiff's affidavit was filed, in which she stated that "the train whistle was not blown to sound a warning of its approach to the crossing until it was almost upon the crossing and too late to notify the occupants of the automobile of its approach to the crossing; that the approach of the train to the crossing was hidden from the road right of way upon which the said automobile was being driven by a fairly dense growth of trees, weeds and bushes, and a high bank of dirt which the Atlantic Coast Line had allowed to grow and remain along the right of way of the said railroad and the said train could not be seen from the road right of way until the said train was almost on the crossing; that the said automobile was traveling at a rate of speed at the time of the said collision of not more than forty miles an hour."
It appears from affidavits filed on behalf of defendants that the highway and railroad intersect at this crossing at a 90-degree angle, both approaching the intersection in a straight line; that the crossing is marked by warning signs reading "Stop R R Crossing Fla. Law" on each side, approximately 175 or 200 feet from the crossing; and that the train was fully occupying the crossing at the time of the impact. The defendant contends that such circumstances show, as a matter of law, that the sole proximate cause of plaintiff's injuries was the negligence of the driver of the automobile, under what the defendant calls the "standing train doctrine" and the decisions of this court in Brown v. Loftin, 154 Fla. 621, 18 So.2d 540, 541, and the cases therein cited.
We held in Brown v. Loftin that the absence of warning signals at a crossing did not render the railroad company liable for damages resulting from a crossing accident in which an automobile ran into the seventeenth car of a moving freight train consisting of thirty-two cars; and it was stated therein that "If a driver of an automobile fails or omits, when approaching a railroad crossing, to see or observe a moving freight train on a railroad crossing directly in front of the driver of the car and across the highway he is traveling, when the freight train consists of thirty or more cars, then a serious doubt arises and must exist as to whether or not lawfully required signs and signals at such crossing would prove efficacious."
While the decision in the Brown v. Loftin case was entirely correct under the peculiar circumstances there present, we do not think the "standing train doctrine" should *779 be indiscriminately applied in every case where a vehicle runs into the side of a train, regardless of how long or under what circumstances the train has been fully occupying the crossing, since this doctrine impinges at once on the provisions of Section 768.05, Florida Statutes, 1949, F.S.A., creating a presumption of negligence of the railroad company on proof of injury, and Section 768.06, ibid., authorizing the jury to apportion the damages in accordance with the comparative negligence of the parties when both are at fault.
In the instant case, the facts are clearly distinguishable from those in Brown v. Loftin, supra. In the latter case, the train was fully occupying the crossing at the time such crossing came within the range of vision of the driver of the automobile; in the instant case, the train and the automobile were simultaneously approaching the crossing, which could not have been fully occupied by the train more than a few seconds prior to the impact and, it appears, not until some time after the crossing itself (as distinguished from the approach thereto) was within the range of vision of the driver. Under such circumstances, we do not think the "standing train doctrine" is applicable.
The defendants are charged with negligently failing to sound an adequate warning of the approach of the train, as to which the affidavits of plaintiff and defendant are in conflict, under circumstances where the train's approach could not be seen until it was almost upon the crossing. There is also a conflict in such affidavits as to the speed at which the automobile was traveling as it approached the crossing. The allegation that the defendant railroad company negligently maintained its right-of-way so as to obstruct the view from the highway of approaching trains is not rebutted in the affidavits submitted by defendants. Since the railroad company must be held liable for its proportionate part of the damages sustained if its alleged negligence contributed in any degree to plaintiff's injuries, and since we do not think it can be said, as a matter of law, that the negligence of the driver was the sole proximate cause of the accident, it follows that the question of the negligence of the defendant and the alleged contributory negligence of the plaintiff should have been submitted to the jury, as also the question of whether the negligence of the driver was, as a matter of fact, the sole proximate cause of the injury.
For the reasons stated, the judgment appealed from should be reversed and the cause remanded for further proceedings.
Reversed and remanded.
SEBRING, C.J., and CHAPMAN and ADAMS, JJ., concur.