On Petition for Rehearing Denied.
PER CURIAM.
Appellant’s petition for rehearing, typical of the great majority of such pleadings, does nothing more than to suggest that the majority “overlooked” certain points of law and fact which actually were fully developed by the oral argument and the briefs. While the majority rendered a per curiam decision of affirmance, without an opinion, the minority wrote a dissent in which the very points presented by the petition for rehearing are emphasized. The majority considered that dissent.
We deem it appropriate to observe that the mere fact that it is possible by mental gymnastics to draw some inference of negligence does not warrant submitting an issue of negligence to a jury. Such would too often pay homage to pure speculation. The constant key to the problem is whether a reasonable inference is available. Judges are not called on to dethrone reason in order to find an excuse for submitting a case to the jury.
The dissenter points out: “Plaintiff testified that after bringing his vehicle to a stop, he shifted into first gear and proceeded slowly toward the crossing, and had shifted into second gear just prior to reaching the track on which the train was traveling.” Assuming the engineer observed all of this action, and considering the uncontested evidence that there were no obstructions to vision for several miles in the direction from which the train approached the crossing, the only available reasonable inferences are that the plaintiff saw or *767 should have seen the approaching train and, from the standpoint of those operating the train during the time any action on their part might have been taken to avoid the accident or mitigate its results, that plaintiff was simply moving up to a closer position with the intention to negotiate the crossing after the train passed rather than ahead of it. The uncontradicted evidence also reflects that when the engineer’s helper became apprehensive of the impending accident and called out to the engineer,'the latter did not hear him because at that time he was sounding the whistle on the engine. Add to this the further uncon-tradicted testimony to the effect that application of brakes on the train after the likelihood of an accident became apparent to the engineer’s helper would not have prevented or alleviated the accident, and we are compelled to eliminate any question of the existence of any reasonable inference from which a jury could have found that the defendant was guilty of any negligence whatever in the operation of its train. Any other conclusion would impose a “stop, look and listen” burden on the train at all crossings.
The Florida Supreme Court has repeatedly considered appeals involving facts similar to those with which this court was confronted on this appeal and has decisively laid down the rules to be applied in determining liability for railroad crossing accidents. Applying those rules to this appeal, plaintiff is barred from recovery. See Lowry v. Seaboard Air Line R. Co., 5 Cir., 171 F.2d 625; Martin v. Rivers, Fla., 72 So. 2d 789; Powell v. Gary, 146 Fla. 334, 200 So. 854; Cline v. Powell, 141 Fla. 119, 192 So. 628; Anderson v. Crawford, 111 Fla. 381, 149 So. 656; Covington v. Seaboard Air Line R. Co., 99 Fla. 1102, 128 So. 426, followed in Florida East Coast Ry. Co. v. Flynn, 106 Fla. 465, 143 So. 405; Germak v. Florida East Coast Ry. Co., 95 Fla. 991, 117 So. 391; Southern Railroad Co. v. Mann, 91 Fla. 948, 108 So. 889; Atlantic Coast-Line R. Co. v. Weir, 63 Fla. 69, 74, 58 So. 641, 41 L.R.A.,N.S., 307, Ann.Cas. 1914A, 126; Louisville & N. R. Co. v. Yniestra, 21 Fla. 700.
The petition for rehearing is denied.
STURGIS and CARROLL, DONALD K., JJ., concur.
WIGGINTON, C. J., dissents.