SHANNON, Chief Judge.
This is an appeal by the plaintiff below from a summary judgment entered in favor of Seaboard Air Line Railroad Company, a defendant in the lower court.
The plaintiff was the father of a sixteen year old girl who was killed in a railroad crossing accident involving the defendant’s train and a 1958 Cadillac. The collision occurred in Dade City, Florida, at approximately 11:30 p. m., on January 29, 1959. The plaintiff’s decedent had been employed by a Mr. and Mrs. Crist as a baby sitter and her duties terminated short *470 ly after 11:00 p. m. At the time of the accident decedent was being escorted to her home by the Crists’ son. While driving on Clinton Avenue in Dade City, the automobile crashed into the 110th, 111th and 112th car of a long freight train which was crossing the avenue.
The plaintiff instituted this action for damages against the Seaboard Air Line Railroad Company and National Automotive, Inc. Subsequently, the Railroad moved for a summary judgment on the basis of the pleadings and various affidavits and depositions. The lower court granted the motion for summary judgment, finding that the case of Brown v. Loftin, 1944, 154 Fla. 621, 18 So.2d 540, controlled.
The amended complaint alleged that Clinton Avenue was a blacktop macadam road which does not reflect light and that the Railroad’s warning signs were inadequate. In addition, it was alleged that the weather was dark and foggy at the time of the accident. The complaint further alleged that die Railroad had been requested to place automatic flashing warning signals at the intersection by the State Road Department, but had failed to do so.
Two questions have been raised in this appeal, namely:
“1. Did the pleadings, depositions and affidavits on file establish a genuine issue of material fact to be determined by a jury?
“2. Were the surrounding circumstances at the time of the accident sufficient to remove the instant case from the application of the standing train doctrine?
In regard to the granting of summary judgment, this court has said in the case of Groner-Youngerman, Inc., v. Denison, Fla.App.1960, 117 So.2d 210, 213:
“It is a fundamental principle under Rule 1.36, Florida Rules of Civil Procedure, 30 F.S.A., that factual issues may not be tried or resolved in a summary judgment proceeding. * * Such judgment should not be granted unless the facts are so clear that nothing remains to be decided but questions of law. * * * ”
The record in this case indicates certain conflicting facts, but none of these conflicts go to the question of whether or not the Railroad was negligent. Insofar as the Railroad’s negligence is concerned, it is only necessary that we look at the affidavit of M. D. Stephens, Florida Highway Patrolman, who was the only person who made measurements of the skid marks of the Cadillac. According to his affidavit, the driver of the Cadillac left 96 feet of skid marks prior to hitting the train, and it is quite apparent from his affidavit that the driver saw the train and applied his brakes prior to skidding this distance.
While § 768.05, Fla.Stat., F.S.A., creates a presumption of liability against railroads under certain circumstances, it is clear that this is a limited presumption. See Butler v. MacDougal, Fla.App.1960, 120 So.2d 832, and Atlantic Coast Line Railroad Co. v. Walker, Fla.App.1959, 113 So.2d 420. In the case at bar the defendant’s answer and the depositions and affidavits of the witnesses have effectively rebutted this presumption.
The plaintiff takes the position that since the decision in Brown v. Loftin, supra, 1944, the severity of the so-called standing train doctrine has been modified,, and the more recent cases would indicate a willingness to look into the circumstances surrounding the accident to determine whether any negligence existed on the part of the railroad company involved, and then goes on to cite Hutton v. Atlantic Coast Line Railroad Co., Fla.1957, 92 So.2d 528; Atlantic Coast Line R. Co. v. Johnston, Fla.1954, 74 So.2d 689; Horton v. Louisville & N. R. Co., Fla.1952, 61 So.2d 406;. Goff v. Atlantic Coast Line R. R. Co., Fla.1951, 53 So.2d 777; Atlantic Coast Line R. R. Co. v. Hadlock, 5 Cir., 180 F.2d *471 105; and Atlanta & St. Andrews Bay R. Co., Inc., v. Church, 5 Cir., 212 F.2d 688. None of the cases cited by plaintiff, however, involve an accident with the particular facts that we have here, namely, a running train and plaintiff striking same at a point indicating that the train had been running across a given point for three or four minutes. In such a case the moving train is a more obvious warning to vehicles on the highway than a train standing across the road. We are compelled to agree with the lower court that this case falls squarely within the rule of Brown v. Loftin, 1944, 154 Fla. 621, 18 So.2d 540, which reads, in part, as follows:
“This is a railway accident case in which Miss Nancy Virginia Brown lost her life. She, with three others, occupied the rear seat of the automobile which ran into a freight train consisting of 32 cars then operated by the Florida East Coast Railway Company over a regular street crossing situated on the outskirts of the City of Fort Lauderdale, Florida. The collision occurred around 1:00 o’clock A.M., September 26, 1943. The freight train was in motion and the automobile struck the 17th car back from the engine. * * *
“ * * * The absence of signboards, flashlight signals and other warning devices about the railroad crossing are insufficient reasons under the peculiar circumstances of this controversy. If a driver of an automobile fails or omits, when approaching a railroad crossing, to see or observe a moving freight train on a railroad crossing directly in front of the driver of the car and across the highway he is traveling, when the freight train consists of thirty or more cars, then a serious doubt arises and must exist as to whether or not lawfully required signs and signals at such crossing would prove efficacious.”
In the instant case the driver of the automobile lived in the neighborhood of the crossing, and, as shown in his testimony, he was familiar with the crossing, and not only that, but he had seen the crossing and the train for 96 feet, in addition to the time factor for applying his brakes.
Taking the position that no negligence was shown on the part of the defendant, and having found no conflict in any other material issue of fact, we will have to affirm the judgment.
Affirmed.
ALLEN, J., and SEBRING, H. L„ Associate Judge, concur.