DREW, Justice.
Writ of certiorari has issued in this cause and argument has been heard on jurisdiction and merits. Petitioner first asserts conflict between this decision, sustaining summary judgment for the defendant railroad in a negligence action, and Brown v. Loftin, 154 Fla. 621, 18 So.2d 540, an application of the “standing train” doctrine, as subsequently modified. Hutton v. Atlantic Coast Line Railroad Co., Fla.1957, 92 So.2d 528; Atlantic Coast Line R. Co. v. Johnston, Fla.1954, 74 So.2d 689; Horton v. Louisville & N. R. Co., Fla.1952, 61 So.2d 406; Goff v. Atlantic Coast Line R. R. Co., Fla.1951, 53 So.2d 777. None of the cited cases involves facts on all fours with those reflected by this record, and we are not persuaded that judgment for defendant upon the facts which are recited in the opinion of the district court[1] necessarily constitutes the application of a principle of law contrary to any established by those cases. In short, the decision was reached upon full consideration of those principles and a determination that they did not govern the particular facts at bar. Whether or not the decision of this Court would coincide upon the merits of that question vel non, we are unable to find the requisite decisional conflict on this point sufficient to activate our constitutional jurisdiction to review such decision by certiorari.
Petitioner also asserts conflict with the case of Smith v. City of Daytona Beach, Fla.App., 121 So.2d 440, governing entry of summary judgments. The court concluded however, and properly we think, that such conflict as might exist in evidence or inference was not material or determinative. Testimony as to responsibility for installation of the advance warning sign on the state road right-of-way was uncontroverted, and a finding that the evidence as to skid marks, without regard to any conflicting inferences, was in conjunc *297 tion with other recited facts sufficient predicate for application of the doctrine in question, and presented a question of law as opposed to fact, does not in our view directly conflict with the rule announced in Smith.
The writ is accordingly discharged.
ROBERTS, C. J., and THORNAL, O’CONNELL and CALDWELL, JJ., concur.

. See opinion 132 So.2d 469.