VANN, Associate Judge.
This appeal, arising out of a complaint seeking damages on a promissory note, comes to us from (1) an order of the Dade County Circuit Court granting a final summary judgment to the defendants and (2) an order (of another judge of that court) deferring a ruling on the plaintiffs’ motion to amend their complaint. Because numerous, genuine issues of material fact yet remain, the final summary judgment must be reversed.
The plaintiffs (Morris and Jean Fox) had certain business dealings with the defendants (Phil and Therese Perry) and Harold and Lois Pomerantz[1] mainly involving the Foxes’ co-signing a $500,000.00 promissory note as an accommodation to the Perrys and the Pomerantzes, and the sale by the Foxes to the Perrys and Pomerantzes of some real property in Jacksonville, Florida. These dealings created an indebtedness of the Perrys and the Pomerantzes to the Foxes and resulted in a “May ’76 Agreement,” wherein three commitments were undertaken: (1) The deed to the Jacksonville property, held by the Perrys and the Pom-erantzes, was to be delivered to an attorney *1252 (Eugene E. Stearnes) to be held in escrow for six months during which time the Per-rys and Pomerantzes were to sell the property. If the property was not sold within the six-month period, the deed would then be turned over to the Foxes. (2) The Lo-Te Development Corporation (of which the Perrys and Pomerantzes were the sole stockholders) was to execute a promissory note with sufficient interest to protect the Foxes from all expenses, fees, costs, interest or the principal payments made in connection with the $500,000 note. (3) The Lo-Te Development Corporation was to execute to the Foxes an assignment of the proceeds from two lawsuits that the corporation then had pending in Fort Lauderdale, Florida.
Thereafter, in September 1978, the Foxes brought suit against the Perrys, not on the “May ’76 Agreement,” but on the basis of the debt arising out of the promissory note. The defendants were the first to introduce the “May ’76 Agreement” into the action (through their answer and counterclaim), alleging that their performance thereunder was a complete defense to the Foxes’ claim. Central to the position of the Foxes, however, is their contention that the Perrys and Pomerantzes failed to perform any of the three commitments in the “May ’76 Agreement,” thereby precluding the defendants from relying on the agreement as a defense.
Procedurally, this case has made somewhat of a “milk train” journey through the corridors of the Dade County Circuit Court, has undergone the judicial consideration of at least five circuit judges, including the chief judge of that court acting in his administrative capacity, and has culminated in the two orders here appealed. Because of our ultimate disposition of this appeal, we do not deem it necessary to discuss the various allegations of certain problems that have been drawn to our attention with regard to the multijudge treatment of this case.
Legally, we have been presented by the parties with contrary conclusions of law, based upon often divergent and overlapping renditions of fact. What has taken the parties nearly half of their respective briefs to discuss will not be repeated here. Some discussion is, however, necessary.
The basic premise of the Foxes’ complaint is their claim of a personal indebtedness of the defendants growing out of a half million dollar promissory noté. Defensively, the Perrys take the position that the “May ’76 Agreement” precludes this claim because the matter of the promissory note is controlled by the provisions of the agreement, which the defendants have fully performed and, performance aside, because the agreement provides that the plaintiffs would look exclusively to the Lo-Te Development Corporation for any indebtedness arising out of the note; i. e., that the defendants (and the Pomerantzes) would not be personally liable. Also, there is the further, correlative contention that the Lo-Te Development Corporation was, therefore, an indispensable party to this action and, accordingly, should have been joined as a defendant. The plaintiffs reply that because their lawsuit was based on the promissory note and not on the “May ’76 Agreement,” the Lo-Te Development Corporation was not an indispensable party. Furthermore, the defendants argue that their performance under the agreement has been acknowledged by a “release” of Mr. Fox (in what was known as the “Colt Lanes Memorandum”) where, in his own handwriting, Mr. Fox states: “All verbal agreements, if any, or agreement of May 1976 are [null] and void and the only agreement between P. and Lo-Te and M. F. is this agreement.” The Foxes argue that the reference in the handwritten memorandum to “. the only agreement between . . , ” the parties refers to the memorandum itself and not the “May ’76 Agreement.” These, and various other allegations and counter-allegations, comprise the tenor of the arguments presented by the parties. In this light, the Foxes submit that the primary issue for this court’s determination is whether the “May ’76 Agreement” is a valid defense to an action upon the promissory note. They argue that genuine issues of material fact exist concerning whether the defendants performed their promises and *1253 fulfilled their obligations under the agreement, or whether the defendant breached, abandoned or waived the agreement and are estopped from reliance thereon. We agree that genuine issues of material fact have yet to be decided and, accordingly, we reverse. See Holl v. Talcott, 191 So.2d 40 (Fla.1966); and Massey v. Seaboard Air Line Railroad Company, 132 So.2d 469 (Fla. 2d DCA 1961).
The performances of the Foxes, the Per-rys and the Pomerantzes, pursuant to the agreement, are hardly exemplary. The claim of the defendants that the record of their performance is superior to that of the plaintiffs’, even if true, is a boast of little significance and, in essence, merely begs the question. None of the parties displayed a concerted or deliberate effort to execute the agreement or to encourage any of the other parties to exert an effort. We note, in passing, that certain performances of the defendants under the agreement, specifically the assignment of the two pending Fort Lauderdale lawsuits and the delivery of the promissory note by the Lo-Te Development Corporation to the Foxes, occurred subsequent to the filing of the present action. Also, the deed to the Jacksonville property was not turned over to the Foxes until an inordinately late date and, even assuming that this was a performance within the agreement’s provisions, a question of fact remains concerning whether new consideration (the fact that the Foxes took over a new and substantial bank loan debt) was, in fact, the operative cause for turning over the deed. Accordingly, under these circumstances, genuine issues of material fact exist and the defendants may not rely on the “May ’76 Agreement” as a complete defense in order to sustain a final summary judgment in their favor. It is clear that the defendants have not met their burden, as the moving party for a summary judgment, of proving the non-existence of justiciable issues of fact. See Holl v. Talcott, supra; and Visingardi v. Tirone, 193 So.2d 601 (Fla. 1966).
We hold that the present record does not properly evidence a showing of full performance by the defendants under the “May ’76 Agreement.” Such failure on the defendants’ part, even in the light of the poor example of the plaintiffs, is fatal to an affirmance of the summary final judgment. In cases where there is even the slightest doubt concerning the existence of a genuine issue of material fact, the courts have resolved the doubt in favor of the party moved against. See Avampato v. Markus, 245 So.2d 676 (Fla. 4th DCA 1971); and Fletcher v. Petman Enterprises, Inc., 324 So.2d 135 (Fla. 3d DCA 1975). Certainly, this case leaves no “doubt” that genuine factual issues remain.
Finally, with regard to the defendants’ claim that the “May ’76 Agreement” precludes the plaintiffs’ action on the prior promissory note, it is well to point out that:
“A plea of accord and satisfaction, to be effective, must be supported by a new contract, expressed or implied, between the same parties to the original agreement, and the last contract must be executed to have the effect of satisfaction.” Kline v. Eugene Berninghaus Co., 102 Fla. 362, 135 So. 837, 838 (1931). .
See, also, Rosenfeld v. Glickstein, 159 So.2d 670 (Fla. 1st DCA 1964); and Brewer v. Northgate of Orlando, Inc., 143 So.2d 358 (Fla. 2d DCA 1962).
Inasmuch as we must reverse the granting of the summary final judgment, the second question presented on this appeal regarding the failure of the trial court to rule on the plaintiffs’ motion to amend their complaint will require very little discussion. Because the amended complaint (sought to be pled) differs materially from the original complaint only to the extent that it assails the “May ’76 Agreement” and because there is presented a genuine issue of material fact concerning that agreement, we find that the rules of procedure permitting the liberal amendment of pleadings compel us to direct the trial court to grant the plaintiffs’ motion. See Fla.R.Civ.P. 1.190.
The trial court erred (1) in granting the motion of the defendants for a summary judgment and in entering the final judg *1254 ment thereon where genuine issues of material fact remain, and (2) in failing to rule favorably on the plaintiffs’ motion to amend the complaint. Accordingly, we reverse and remand this cause for a trial on the merits.
Reversed and remanded.

. Mrs. Pomerantz is the daughter of the Foxes. The Pomerantzes became parties to this action when they were made third-party defendants through a third-party action brought by the Perrys.